UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60055-CIV-MARRA/JOHNSON

COURT-APPOINTED RECEIVER OF
LANCER OFFSHORE, INC. AND
OMNIFUND, LTD.

    Plaintiffs

vs.

THE CITCO GROUP LTD,
CITCO FUND SERVICES (CURACAO)
N.V., AND CITCO ACCEPTANCE
CORPORATION

    Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Citco Fund Services (Curacao) N.V. and Citco Acceptance Corporation's Motion to Dismiss the Receiver's Second Amended Complaint For Fraudulent Transfer [DE 72]. The motion is fully briefed and ripe for review. The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

### Introduction

On January 11, 2005, the Receiver for Lancer Management Group LLC, Lancer Management Group II LLC, Lancer Offshore Inc., and the Omnifund Ltd. filed this lawsuit against defendants, Citco Fund Services (Curacao) N.V. ("CFS-Curacao"), Citco Acceptance Corporation ("CAC") and The Citco Group, Ltd. ("CGL") alleging claims for fraudulent transfer and unjust enrichment. CFS-Curacao and CAC

(together, "CFS-Curacao/CAC" or "Defendants") filed a joint Motion to Dismiss the Complaint on various grounds, while CGL filed a separate motion.  The Receiver filed an Amended Complaint on February 28, 2006.  Again, CFS-Curacao/CAC and CGL filed Motions to Dismiss the Amended Complaint.  The Receiver filed a Second Amended Complaint on February 27, 2007 (the "SAC") which is the current version under scrutiny.  The SAC asserts the following claims against Defendants:

I. Actual fraudulent transfer under Florida Statutes §§ 726.105(1)(a) and 726.108, and other applicable law;

II. Constructive fraudulent transfer under Florida Statutes §§ 726.105(1)(b) and 726.108, and other applicable law;

III. Constructive fraudulent transfer under Florida Statutes §§ 726.106(1) and 726.108, and other applicable law; and

IV. Unjust enrichment.

DE 61.

In their motion, CFS-Curacao/CAC assert that (1) the Receiver lacks standing to pursue the fraudulent transfer claims; (2) many of the transfers at issue are barred by applicable statute of limitations; and (3) the Receiver's count for unjust enrichment fails to state a claim.[1]

---

[1] CFS-Curacao/CAC adopt and incorporate the argument made by CGL in its Motion to Dismiss that the SAC violates Fed.R.Civ.P. 8(a) and 9(b) by improperly lumping CFS-Curacao and CAC together with CGL and thereby Defendants have not been given fair notice of what act each Defendant allegedly committed.  This argument is rejected as to CFS-Curacao and CAC.  Exhibit "M" lists either CFS-Curacao or CAC as the alleged transferee for each alleged transfer.

## Standard of Review

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  When a defendant challenges the plaintiff's standing through a motion to dismiss, the court must construe all disputed facts in the light most favorable to the plaintiff in an effort to discern whether relief could be granted under any set of facts that could be proven consistent with the allegations.  *See Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004).

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all

of the complaint's allegations are true." *Id*. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. *Id*.

## Discussion

### Florida's Uniform Fraudulent Transfer Act

Fraudulent transfer claims under Florida law arise under the Florida Uniform Fraudulent Transfers Act ("FUFTA"), Fla. Stat. § 726.101, *et seq.*. FUFTA, as set forth in Florida Statute § 726.105, provides the substantive requirements that must be pled to state a valid fraudulent transfer claim. *Nationsbank, N.A. v. Coastal Utilities, Inc.*, 814 So.2d 1227, 1229 (Fla. Dist Ct. App. 2002). The plaintiff must show that "(1) there was a creditor to be defrauded; (2) a debtor intending fraud; and (3) a conveyance of property which could have been applicable to the payment of the debt due." *Id*.

FUFTA specifically permits creditors to pursue claims against debtor-transferors. In *Friedman v. Heart Institute of Port St. Lucie,* the Florida Supreme Court defined a creditor as one who possesses a "claim" under FUFTA and, thus, may seek a variety of remedies to prevent the fraudulent transfer of assets. 863 So.2d 189, 191-92 (Fla. 2003). A "claim" means a right to payment, whether or not it is reduced to judgment. *Id*. The *Friedman* Court, based on the plain language of the statute, stated that a plaintiff suing under FUFTA must show he has a "claim" which qualifies him as a "creditor" of the entity or individual who is transferring or attempting to transfer funds to thwart the creditors' attachment. *Id*.; Fla. Sta. §

726.105(1).

While an equity receiver may not pursue claims that are owned directly by creditors of the receivership entities, an equity receiver may bring a fraudulent transfer claim owned by the receivership entities in an ancillary action.  *See Freeman v. Dean Witter Reynolds, Inc.*, 865 So.2d 543, 550 (Fla. Dist. Ct. App. 2003).  The Receiver acknowledges that he must qualify as a creditor under FUFTA in order to have standing to assert fraudulent transfer claims.  *See* DE 80 at 7.  According to the Receiver, he qualifies as a creditor of Omnifund and Offshore for the purpose of seeking to avoid the transfers paid by Lancer Offshore, Inc. and the Omnifund Ltd. (collectively, the "Offshore Funds") to CFS-Curacao.

After carefully reviewing the allegations, it appears this case is about administrative fees paid by the Offshore Funds to CFS-Curacao/CAC.  The Receiver alleges that these transfers stemmed from the overstated Net Asset Values ("NAVs") of the Offshore Funds which resulted in inflated administrative fees paid to CFS-Curacao/CAC for administering the Offshore Funds. SAC ¶ 111.  The Receiver appears to argue that this renders the Offshore Funds creditors of CFS-Curacao/CAC.  But the Receiver has neither identified on which specific entity's behalf he is suing as a creditor, nor has he clearly articulated the basis upon which the transferor would be a debtor.  The lack of specific factual allegations establishing the debtor creditor relationship requires the Court to make assumptions in an effort to determine if the Receiver has properly alleged that he is a legitimate creditor with standing to pursue

the transfers made to CFS-Curacao/CAC. The allegations of the SAC are particularly confusing because the alleged transferors (the debtors) are the plaintiff Receivership Entities. Without factual allegations regarding the creditor/debtor relationship and other substantive requirements that must be pled to state a valid fraudulent transfer claim, it is unclear whether the Offshore Funds can be considered a creditor of CFS-Curacao/CAC. Accordingly, Counts I, II and III will be dismissed, with leave to amend.

**Statute of Limitations**

A statute of limitations bar is "an affirmative defense, and ... plaintiff[s][are] not required to negate an affirmative defense in [their] complaint." *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citing *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993)). A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred. *Id.* (citing *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003)); *Carmichael v. Nissan Motor Acceptance Corp.*, 291 F.3d 1278, 1279 (11th Cir. 2002).

In Count I, the Receiver brings a claim for actual fraudulent transfer under Fla. Stat. § 726.105(1)(a), which is subject to the delayed discovery doctrine. Therefore, a cause of action with respect to Count I is extinguished unless the action is brought within four years after the transfer was made or, if later, within one year after the transfer was or could reasonably have been discovered by the claimant. Fla. Stat. § 726.110(1). A cause of action with respect to Counts II and III is extinguished unless

the action is brought within four years of the alleged transfer, regardless of when the transfer is ultimately discovered. Fla. Stat. § 726.110(2). The statute of limitations for unjust enrichment is four years. Fla. Stat. § 95.11(3)(k). Florida courts have refused to apply the delayed discovery doctrine to unjust enrichment claims. *See Davis v. Monahan*, 832 So.2d 708, 712 (Fla. 2002).

Beginning with Counts II, III and IV, these claims are extinguished by operation of Florida law unless brought within four years after the transfers were made. Fla. Stat. §§ 726.110(2), 95.11(3)(k). Here, since this lawsuit was commenced on January 11, 2005, ordinarily any transfers listed on Exhibit "M" that were made prior to January 11, 2001, should not be recoverable by the Receiver in this action against CFS-Curacao/ CAC. The Receiver asserts, however, that the Court should apply the doctrine of equitable estoppel to prevent CFS-Curacao/CAC from asserting that any of the Receiver's claims are barred by the statute of limitation.

The doctrine of equitable estoppel generally bars a defendant from asserting a defense to a claim that he would otherwise be entitled to assert. *See Major League Baseball v. Morsani*, 790 So.2d 1071, 1077 (Fla. 2001). Specifically, equitable estoppel "presupposes a legal shortcoming in a party's case that is directly attributable to the opposing party's conduct." *Id*. This doctrine bars a wrongdoer from asserting that a statute of limitations bars an action where the wrongdoer caused the delay in the filing of the action. *See id*. at 1078. "Logic dictates that a defendant cannot be taken by surprise by the late filing of a suit when defendant's

own actions are responsible for the tardiness of the filing." *Id*.

The Receiver claims that CFS-Curacao/CAC refused to provide the Funds' records to the Receiver when requested thereby causing a delay in the filing of this lawsuit. The Receiver explains that business records for the Receivership Entities were maintained by CFS-Curacao/CAC, who initially refused to produce the Funds' records to the Receiver despite the fact that it was a service provider for the Receivership Entities, and despite the fact that the Administrative Services Agreement by and between Offshore and CFS-Curacao expressly provides that all books, records and other documents received or prepared by CFS-Curacao on behalf of Offshore shall be the exclusive property of Offshore. The Receiver claims that, in fact, it was only after he filed a motion to compel that he was able to obtain some of the Funds' records. As such, the Receiver claims he was prevented by CFS-Curacao/CAC from filing the initial Complaint any earlier and that CFS-Curacao/CAC bear responsibility for any delay.

Defendants respond that the Receiver's estoppel argument is without merit because the Receiver sought to compel records not in this lawsuit, but in the Securities and Exchange Commission ("SEC") enforcement action.[2] Defendants

---

[2] In July 2003, the SEC filed a lawsuit against Michael Lauer and his management companies for purportedly inflating the Offshore Funds' NAVs by manipulating the month-end closing prices of certain securities and by assigning inappropriate and excessive values to those securities. *See SEC v. Lauer et al.*, Case No. 03-80612-Civ-Marra (S.D. Fla. July 9, 2003). The SEC also alleged that the Offshore Funds paid excessive management fees based on the inflated NAVs. *Id.,* DE

further assert that the Receiver did not seek records from CFS-Curacao or CAC, but issued a subpoena to a separate entity, Citco Fund Services (USA), Inc., a non-party to the SEC lawsuit and an entity which had no involvement with the Offshore Funds. Although the Receiver was appointed in that action in July 2003, he waited almost six months before requesting the records on January 6, 2004, and another three months before filing his motion to compel against a non-party.

This discussion involves consideration of matters beyond the four corners of the complaint. The Court cannot consider this disputed factual issue on a motion to dismiss. *Taylor, Bean & Whitaker Mortg. Corp. v. GMAC Mortg. Corp.*, 05-cv-260, 2007 WL 1114045 at *6 (M.D. Fla. Apr. 12, 2007). Indeed, Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). While normally any claims for transfers listed on Exhibit "M" that were made prior to January 11, 2001 would be barred, a factual question has been raised whether Defendants should be equitably estopped from asserting a statute of limitations defense to the Receiver's claims. Accordingly, the motion to dismiss Counts II, III, and IV on statute of limitation grounds is denied without prejudice.

---

1, ¶ 2. The Receiver was appointed within days of the filing of the SEC lawsuit.

Turning now to Count I, the statute of limitations may be extended if it is shown that the claim is made within one year after the transfer was or could reasonably have been discovered by the claimant. The Receiver asserts that he did not immediately have all the information necessary to completely and properly evaluate the transfer of administration fees to Defendants, as argued above. He states, "[n]onetheless, the Receiver filed the original Complaint within one year of the date of his appointment. The Complaint was therefore filed within one year of when the Receiver could reasonably have discovered the transfers, complying with Fla. Stat. § 726.110. Thus, the statute of limitations does not bar the Receiver's actual fraud claims against [CFS-Curacao/CAC]." DE 80 at 10.

First, this lawsuit was filed on January 11, 2005 - 18 months after the Receiver was appointed on July 10, 2003. Second, this argument does not address the factual question of when the Receiver discovered or could reasonably have discovered the allegedly fraudulent transfers. Because the answer to this question necessarily involves information outside of the Complaint, the motion to dismiss Count I on statute of limitations grounds is denied without prejudice.[3]

---

[3] Because it has been determined that factual questions exist as to the Receiver's argument regarding equitable estoppel, the Court need not address or resolve at this time the question of whether equitable tolling can be applied.

**Other Applicable Law**

The Receiver has not limited his recovery of the allegedly fraudulent transfers to causes of action solely under Florida law.  The Receiver has asserted causes of action against Defendants under Florida and "other applicable law."  The Receiver's pleadings leave open the possibility that the laws of states other than Florida may apply to the Receiver's recovery of the administration fees, and the Receiver has preserved his right to proceed under "other applicable law."  This allegation serves to preserve the Receiver's claims against Defendants in the event the substantive law of some other state governs the Receiver's claims.  The Receiver raises the possibility that the law of New York, which provides for a six-year statute of limitation, may be applicable to this action.  The Court has insufficient information regarding whether Florida or New York better satisfies the "significant relationship test" of the Restatement (Second) of Conflict of Laws.  Which state's statute of limitation should be applied to the transfers is another question which cannot be answered by a review of the face of the Complaint.

**Unjust Enrichment**

Defendants assert that the Receiver's unjust enrichment claim fails to state a cause of action and must be dismissed because (1) the Receiver has alleged that a contract existed between Offshore and CFS-Curacao/CAC and that the transfers at issue were made pursuant to that contract; and (2) the Receiver has failed to allege, and cannot allege, that no adequate remedy at law exists.

It is correct that "the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1326 (S.D. Fla. 2000) (quoting *Gary v. D. Agustini & Asociados, S.A.*, 865 F. Supp. 818, 827 (S.D. Fla. 1994)); *see also In re Managed Care Litig.*, 185 F. Supp. 2d 1310, 1337 (S.D. Fla. 2002). The Receiver may, however, maintain an equitable unjust enrichment claim in the alternative to his legal claims against Defendants. Federal Rules of Civil Procedure 8(a) and 8(e)(2) specifically authorize a plaintiff to plead causes of action in the alternative. *Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D. Fla. 1999) ("[a]lthough equitable relief ultimately may not be awarded where there exists an adequate remedy at law, Plaintiff certainly may plead alternative equitable relief"). In addition, it is not upon the allegation of the existence of a contract, but upon a showing that an express contract exists that the unjust enrichment count fails. *Williams v. Bear Stearns & Co.*, 725 So.2d 397, 400 (Fla. Dist. Ct. App. 1998). Until an express contract is proven, a motion to dismiss a claim for unjust enrichment on these grounds is premature.[4] Also, contrary to Defendants' claims, the Complaint affirmatively alleges lack of an adequate legal remedy and notes that the equitable claim is plead in the alternative to its legal claims. Compl. ¶ 138. Defendants'

---

[4] Defendants' assertion that the unjust enrichment claim should be dismissed as duplicative because the Receiver has brought a separate breach of contract claim against CFS-Curacao in a separate action styled *Court Appointed Receiver v. The Citco Group Limited, et al.*, Case No. 05-Civ-60080, is rejected.

motion to dismiss the Unjust Enrichment claim on the grounds that the SAC alleges that a contract existed between Offshore and CFS-Curacao/CAC is denied.

However, until the Receiver articulates on which Receivership Entity's behalf he is suing, the Court cannot determine whether a valid cause of action has been stated for unjust enrichment. Accordingly, Count IV is dismissed without prejudice for the same reasons Counts I, II, and III are dismissed.

## Conclusion

In accordance with the findings above, it is hereby

ORDERED AND ADJUDGED that Citco Fund Services (Curacao) N.V. and Citco Acceptance Corporation's Motion to Dismiss the Receiver's Second Amended Complaint For Fraudulent Transfer [DE 72] is GRANTED IN PART AND DENIED IN PART as explained above, without prejudice, with leave to replead within twenty days of receipt of this Opinion and Order in a manner consistent with this Opinion.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of March, 2008.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record