UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60055-CIV-MARRA/JOHNSON

COURT-APPOINTED RECEIVER OF
LANCER OFFSHORE, INC. AND
OMNIFUND, LTD.

    Plaintiffs
vs.

THE CITCO GROUP LTD,
CITCO FUND SERVICES (CURACAO)
N.V., AND CITCO ACCEPTANCE
CORPORATION

    Defendants.
_____/

**ORDER AND OPINION**

THIS CAUSE is before the Court upon The Citco Group Limited's Motion to Dismiss the Receiver's Second Amended Complaint For Fraudulent Transfer [DE 70]. The motion is fully briefed and ripe for review. The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

**Introduction**

On January 11, 2005, the Receiver for Lancer Management Group LLC, Lancer Management Group II LLC, Lancer Offshore Inc., and the Omnifund Ltd. filed this lawsuit against defendants, Citco Fund Services (Curacao) N.V. ("CFS-Curacao"), Citco Acceptance Corporation ("CAC") and The Citco Group, Ltd. ("CGL" or "Defendant") alleging claims for fraudulent transfer and unjust enrichment. CFS-Curacao and CAC (together "CFS-Curacao/CAC") filed a joint Motion to Dismiss the

Complaint on various grounds, while CGL filed a separate motion. The Receiver filed an Amended Complaint on February 28, 2006. Again, CFS-Curacao/CAC and CGL filed Motions to Dismiss the Amended Complaint. The Receiver filed a Second Amended Complaint on February 27, 2007 (the "SAC") which is the current version under scrutiny. The SAC asserts the following claims against Defendants:

    I.      Actual fraudulent transfer under Florida Statutes §§ 726.105(1)(a) and 726.108, and other applicable law;

    II.     Constructive fraudulent transfer under Florida Statutes §§ 726.105(1)(b) and 726.108, and other applicable law;

    III.    Constructive fraudulent transfer under Florida Statutes §§ 726.106(1) and 726.108, and other applicable law; and

    IV.    Unjust enrichment.

DE 61.

In its motion, CGL asserts that (1) the SAC violates the pleading requirements of Fed.R.Civ.P. 8(a) and 9(b). It claims that the SAC improperly lumps CGL together with the two other Defendants CFS-Curacao and CAC, referring to them as a single entity, ignoring their corporate structure which establishes them as separate entities, thereby failing to give fair notice of what act each Defendant allegedly committed; (2) the Receiver cannot hold CGL liable for the alleged acts of CFS-Curacao based upon an agency theory. CGL contends the Receiver has failed to adequately allege any secondary or vicarious theory of liability since the Receiver merely parrots the elements of an agency relationship and fails to allege any facts to support his

conclusory allegations; (3) the Receiver cannot hold CGL liable for the alleged acts of CFS-Curacao and CAC under a veil-piercing theory; (4) the SAC should be dismissed because the Receiver lacks standing to bring the claims for alleged fraudulent transfer; (5) certain of the fraudulent transfer and unjust enrichment claims are barred by the applicable statute of limitations; and (6) the unjust enrichment claim must be dismissed where the Receiver fails to allege the lack of an adequate remedy at law.

### Standard of Review

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  When a defendant challenges the plaintiff's standing through a motion to dismiss, the court must construe all disputed facts in the light most favorable to the plaintiff in an effort to discern whether relief could be granted under any set of facts that could be proven consistent with the allegations.  *See Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004).

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct.

1955, 1964 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. *Id.*

## Discussion

### Florida's Uniform Fraudulent Transfer Act

Fraudulent transfer claims under Florida law arise under the Florida Uniform Fraudulent Transfers Act ("FUFTA"), Fla. Stat. § 726.101, *et seq.*. FUFTA, as set forth in Florida Statute § 726.105, provides the substantive requirements that must be pled to state a valid fraudulent transfer claim. *Nationsbank, N.A. v. Coastal Utilities, Inc.*, 814 So.2d 1227, 1229 (Fla. Dist Ct. App. 2002). The plaintiff must show that "(1) there was a creditor to be defrauded; (2) a debtor intending fraud; and (3) a conveyance of property which could have been applicable to the payment of the debt due." *Id.*

FUFTA specifically permits creditors to pursue claims against debtor-transferors. In *Friedman v. Heart Institute of Port St. Lucie,* the Florida Supreme

Court defined a creditor as one who possesses a "claim" under FUFTA and, thus, may seek a variety of remedies to prevent the fraudulent transfer of assets.  863 So.2d 189, 191-92 (Fla. 2003).  A "claim" means a right to payment, whether or not it is reduced to judgment.  *Id.*  The *Friedman* Court, based on the plain language of the statute, stated that a plaintiff suing under FUFTA must show he has a "claim" which qualifies him as a "creditor" of the entity or individual who is transferring or attempting to transfer funds to thwart the creditors' attachment.  *Id.*; Fla. Sta. § 726.105(1).

While an equity receiver may not pursue claims that are owned directly by creditors of the receivership entities, an equity receiver may bring a fraudulent transfer claim owned by the receivership entities in an ancillary action.  *See Freeman v. Dean Witter Reynolds, Inc.*, 865 So.2d 543, 550 (Fla. Dist. Ct. App. 2003).  The Receiver acknowledges that he must qualify as a creditor under FUFTA in order to have standing to assert fraudulent transfer claims.  *See* DE 80 at 7.  According to the Receiver, he qualifies as a creditor of Omnifund and Offshore for the purpose of seeking to avoid the transfers paid by Lancer Offshore, Inc. and the OmnifFund Ltd. (collectively, the "Offshore Funds") to CFS-Curacao.

In paragraph 116 of the SAC, the Receiver alleges that he brings this suit to recover the transfers identified on the attached Exhibit "M."  However, Exhibit "M" clearly reflects that none of the administrative fees were paid directly to CGL; instead, all of the transfers at issue are alleged to have been made from the Offshore

Funds directly to CFS-Curacao and/or CAC.  The Receiver alleges these transfers stemmed from overstated Net Asset Values ("NAVs") of the Offshore Funds which resulted in inflated administrative fees paid to CFS-Curacao/CAC for administering the Offshore Funds. SAC ¶ 111.  It appears the Receiver is arguing that this renders the Offshore Funds creditors of CFS-Curacao/CAC.  But the Receiver has neither identified on which specific entity's behalf he is suing as a creditor, nor has he clearly articulated the basis upon which the transferor would be a debtor.  The lack of specific factual allegations establishing the debtor/creditor relationship requires the Court to make assumptions in an effort to determine if the Receiver has properly alleged that he is a legitimate creditor with standing to pursue the transfers.  In addition, not one single transfer is identified as having been made to CGL.  This renders the SAC particularly baffling, where CGL is not alleged to be a transferee and the alleged transferors (the debtors) are the plaintiff Receivership Entities.  If the Receiver wishes to state a claim against CGL as an initial or subsequent transferee, CGL must be so identified.

Throughout the SAC, the Receiver refers to CGL, CFS-Curacao and CAC collectively as "Citco" or the "Defendants."  SAC, Introductory Paragraph.  CGL's objection to the Receiver's "lumping" of the three Defendants in this manner is valid.  Because all three Citco defendants are treated as one, neither the Court nor the Defendants can determine whether CGL is an initial transferee as the Receiver argues.  In his response to the motion to dismiss, the Receiver claims that he alleges,

among other things, that the fees are directly linked to CGL's strategy to control the Offshore Funds from the inside because CGL provided its own Director of International Fund Services, Anthony Stocks, to serve as a director of the Offshore Funds in exchange for Director Fees.  The paragraphs cited for this allegation, however, alleges that "Citco placed its own directors on the boards of the Offshore Funds in exchange for a fee." SAC ¶ 21.  According to the SAC, "Citco" could be any one of the three Defendants.  While some other paragraphs do identify CGL as its own entity, the fees allegedly paid are director's fees, not the allegedly fraudulent transfer of administrative fees which are the subject of Exhibit "M."  Without factual allegations regarding the creditor/debtor relationship and other substantive requirements that must be pled to state a valid fraudulent transfer claim, it is unclear whether a claim may stand against CGL.  Accordingly, Counts I, II and III will be dismissed, with leave to amend.

**Direct and Vicarious Liability**

The Receiver asserts that the SAC's allegations demonstrate that he pleads that CGL is both directly and vicariously liable for the administration fees as an initial or subsequent transferee.  As discussed above, the SAC and attached exhibits show that CGL did not directly receive a single alleged transfer.  Therefore, the Receiver's argument that he asserts a direct claim against CGL as an initial transferee is rejected.

### Agency Theory

The Receiver pursues a claim of secondary or vicarious liability against CGL by alleging that CFS-Curacao served as CGL's actual agent, as well as CGL's apparent agent.  SAC ¶¶ 68, 71.  CGL argues these references to CFS-Curacao as an actual or apparent agent of CGL must be rejected because the Receiver has failed to allege any facts which establish an actual or apparent agency relationship between CGL and CFS-Curacao.  Until the Receiver clearly states for which entity or entities he is asserting claims as a creditor; how each defendant was a debtor intending fraud; and how the conveyance of property could have been applicable to the payment of the debt due, the Court is unable to determine whether valid claims under agency can be asserted.

### Corporate Veil

The SAC alleges that CFS-Curacao "is the alter ego and mere instrumentality of The Citco Group."  SAC. ¶ 66.  CGL argues that this theory of liability must be rejected because the Receiver ignores the critical element necessary to pierce the corporate veil in Florida.

Generally, to state a cognizable claim for piercing the corporate veil, the plaintiff must allege facts that, if taken as true, demonstrate that the subsidiaries are mere instrumentalities of the parent, and that the defendants engaged in "improper conduct" in the formation or use of the subsidiary.  *See, e.g., MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1357 (S.D. Fla. 2000); *Aldea*

*Communications, Inc. v. Gardner*, 725 So.2d 456 (Fla. Dist. Ct. App. 1999); *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1119-20 (Fla. 1984).

In support of this allegation, the Receiver points to paragraphs that he believes demonstrate that CGL, via William Keunen, the Director of Funds Services for CGL, and other CGL employees who CGL provided to serve as directors on the Offshore Funds' boards, exercised pervasive control over CFS-Curacao and disregarded the corporate existence of CFS-Curacao.  SAC ¶¶ 21-42, 55.  The Receiver also alleges that "CAC served as the conduit corporate entity for CGL to receive funds from the Receivership Entities."  SAC ¶ 74.  In addition, the SAC alleges "CGL used CFS-Curacao for an improper purpose, including, without limitation, ordering CFS-Curacao to send out the erroneous NAV's and directly participating in the Offshore Funds' administration to wrongfully inflate their fees that were directly linked to the amount of the bogus NAV's.  SAC ¶ 67.  These allegations allege that CFS-Curacao and CAC are mere instrumentalities of CGL, and that CGL engaged in improper conduct through its organization or use of its subsidiaries CFS-Curacao and CAC.  For purposes of the instant motion, the Court finds that the Receiver has alleged a veil piercing theory of liability.  *See Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 845 (11th Cir. 1989).  However, because of the deficiencies in the Receiver's SAC previously discussed, he may not proceed against CGL on this theory of liability until those deficiencies are corrected.

**Arguments Adopted and Incorporated**

CGL adopts and incorporates the arguments made by CFS-Curacao and CAC in their motion to dismiss that the Receiver lacks standing to bring the fraudulent transfer claims, that certain of the Receiver's fraudulent transfer and unjust enrichment claims are barred by the applicable statute of limitations, and that the unjust enrichment claim fails to state a cause of action.  The Court adopts and incorporates its ruling on these issues in its Order and Opinion on CFS-Curacao/CAC's Motion to Dismiss, entered this same day.

**Conclusion**

In accordance with the findings above, it is hereby

ORDERED AND ADJUDGED that Citco Fund Services (Curacao) N.V. and Citco Acceptance Corporation's Motion to Dismiss the Receiver's Second Amended Complaint For Fraudulent Transfer [DE 70] is GRANTED IN PART AND DENIED IN PART as explained above, without prejudice, with leave to replead within twenty days of receipt of this Opinion and Order in a manner consistent with this Opinion.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of March, 2008.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record