UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-60055-CIV-MARRA/JOHNSON

COURT APPOINTED RECEIVER
of LANCER OFFSHORE, INC.
and OMNIFUND, LTD.,

    Plaintiff,

vs.

THE CITCO GROUP LTD.,
CITCO FUND SERVICES
(CURACAO) N.V., and CITCO
ACCEPTANCE CORPORATION,

    Defendants.
_____/

## ORDER AND OPINION DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Citco Fund Services (Curacao) N.V. and Citco Acceptance Corporation's Motion to Dismiss the Receiver's Third Amended Complaint for Fraudulent Transfer [DE 163]. The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

**Introduction and Background**

On February 12, 2010, the Receiver filed his Third Amended Complaint ("TAC"), attempting to cure the pleading deficiencies found to exist in his prior complaints [DE 152]. In the TAC, the Receiver alleges three counts of fraudulent transfer and one count for unjust enrichment against, among others, Citco Fund Services (Curacao) N.V. ("CFS-Curacao") and Citco Acceptance Corporation ("CAC") (collectively "Movants"), relating to alleged overpayments of administrative fees and

directors' fees for services performed for the two hedge funds at issue in this action, Lancer Offshore, Inc. and The OmniFund Ltd. (collectively, the "Offshore Funds"). CFS-Curacao and CAC move to dismiss the TAC for the following purported defects:

- The TAC is duplicative of a separate action brought by the Receiver pending before this Court styled *Court-Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd., et al.*, Case No. 05-60080-Civ-Marra.

- The Receiver lacks standing to pursue claims under the Florida Uniform Fraudulent Transfer Act ("FUFTA") and as a purported creditor of CFS-Curacao or CAC.

- The TAC fails to allege the elements of a FUFTA claim because no transfers by CFS-Curacao and CAC are identified.

- The TAC fails to identify a creditor whose claim arose before the transfers to CFS-Curacao and CAC.

- The unjust enrichment claim fails because the parties do not dispute the existence of a contract.

**Standard of Review**

For purposes of deciding a motion to dismiss, the Court accepts the allegations of the Receiver's TAC as true and views the facts in the light most favorable to him. *See, e.g., Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). A plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252,

1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1950, (2009)).  "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'"  *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. 1981)).

**Discussion**

**I.      Duplicative Actions**

Movants assert that the TAC is improperly duplicative of another action brought by the Receiver styled *Court-Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd., et al.*, Case No. 05-60080-Civ-Marra (hereinafter the "Breach of Duty Action").  Movants argue that the Receiver may not simultaneously maintain two actions on the same subject in the same court against the same defendants.

Courts avoid duplicative litigation to ensure comprehensive disposition of litigation and to conserve judicial resources.  *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976); *see also Hoover v. U.S. Dep't of the Interior*, 611 F.2d 1132, 1136-37 (5th Cir. 1980).  Although no precise test has been articulated for determining when two cases are duplicative, *see, e.g., Colorado River,* 424 U.S. at 817, the general rule is that a suit is duplicative of another suit if

the parties, issues and available relief do not significantly differ between the two actions. *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986). Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending. *See, e.g., Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183-84 (1952); *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982), *cert. denied*, 459 U.S. 1173 (1983).

The Court concludes that the two cases at issue are not duplicative and dismissal of the instant action is not appropriate. First, the defendants are different in at least one important respect. While CFS-Curacao is a defendant in both suits, CAC is only a defendant in this case. The Receiver is suing CAC as an alleged initial transferee of certain administration fees. Since CAC is not a defendant in the Breach of Duty Action, it cannot argue that this case is duplicative as to it. If this case was dismissed, it would result in the Receiver not having a pending suit against CAC, an alleged initial transferee of a number of the administration fees.

Second, the issues or causes of action in this action and the Breach of Duty Action are completely different. In the Breach of Duty Action, the Receiver has sued the defendants under various theories, including: (i) breach of fiduciary duty; (ii) breach of ERISA fiduciary duty; (iii) liability under ERISA for breach by co-fiduciaries; (iv) breach of contract; (v) breach of implied duty of good faith and fair dealing; (vi) gross negligence; (vii) breach of fiduciary duty; (viii) aiding and abetting breach of

fiduciary duty; and (ix) professional malpractice.  Whereas, in the instant action, the Receiver has asserted causes of action for recovery of fraudulent transfers under theories of actual and constructive fraud and under the theory of unjust enrichment.  Because the causes of action in the two cases are not the same, the elements that the Receiver must prove are not duplicative.  Finally, the relief and damages sought varies between the two actions.  In this action, the Receiver seeks $3,403,522.20 in repayment to the Offshore Funds of the Administration Fees paid.  In the Breach of Duty Action, the Receiver seeks compensatory damages, plus interest, fees and costs as well as declaratory relief.  Accordingly, the argument that the instant case should be dismissed as duplicative of the Breach of Duty Action fails at this time.[1]

---

[1] The Court notes by way of observation, and without making any ruling on the matter, that the Receiver may be taking a risk by proceeding against CFS-Curacao and The Citco Group in this fashion.  Once a final judgment is entered in one of these proceedings, the Receiver may be faced with a defensive claim in the other pending proceeding that he has split his causes of action and is therefore precluded from going forward with the remaining claims.  *See, e.g., Aquatherm Indus., Inc. v. Florida Power & Light Co.*, 84 F.3d 1388, 1395 (11th Cir.  1996); *Hayes v. Solomon*, 597 F.2d 958, 982 (5th Cir. 1979); *McConnell v. Travelers Indem. Co.*, 346 F.2d 219, 222 (5th Cir. 1965); *Automated Transaction Corp. v. Bill Me Later, Inc.*, No. 09-61903-CIV, 2010 WL 3419282, *3 (S.D. Fla. Aug. 27, 2010).

## II. Standing to Bring FUFTA Claims

Movants assert that the Receiver lacks standing to bring the fraudulent transfer claims asserted in this action because he has failed to allege sufficient facts regarding the creditor/debtor relationship.[2] The Court does not agree.

The TAC now contains many paragraphs that satisfy the Court's previous concerns. *See* Compl. ¶¶ 65-101. The Receiver alleges that he is the receiver of each of the Receivership Entities, as well as receiver of the post-receivership entities, and as such he is a creditor of the pre-receivership "zombie"[3] entities managed by Lauer.

---

[2] Previously, the Court found that the Second Amended Complaint failed to sufficiently allege the Receiver's standing to bring claims under FUFTA because, among other things, he "neither identified on which specific entity's behalf he is suing as a creditor, nor has he clearly articulated the basis upon which the transferor would be a debtor." *See* Order and Opinion on Motions for Reconsideration, *Court-Appointed Receiver et al. v. the Citco Group, LLC, et al.*, Case No. 05-60055-CIV-MARRA, DE 114 at 2, citing DE 92 at 5 and DE 93 at 6. After reconsidering the matter, the Court stated that the Receiver had standing to bring claims under FUFTA if he alleges that "he has a claim which qualifies him as a creditor of the entity or individual who has either transferred or received assets which thwarts the creditor's attachment." *Id.* The Court also noted that if the Receiver wishes to assert a claim as a creditor, he must plead factual allegations establishing the creditor/debtor relationship. The Court made these same findings in other ancillary cases as well. *See, e.g., Court-Appointed Receiver of Lancer Management Group LLC, et al. v. Redwood Companies, et al.*, Case No. 06-61919-Civ- Marra, DE 95; *Steinberg, et al. v. Alpha Fifth Group, et al.*, Case No. 04-60899-Civ-Marra, DE 714 & 715; *Steinberg, et al. v. A Analyst Limited, et al.*, Case No. 04-60898-Civ-Marra, DE 501; *Steinberg v. Barclay's Nominees (Branches) Ltd.*, Case No. 04-60897-Civ-Marra, DE 171 & 172.

[3] In *Scholes v. Lehmann*, 56 F.3d 750, 755 (7th Cir. 1995), the Seventh Circuit held that, during the operation of a ponzi scheme, the corporations created by the scheme operator were "robotic" "evil zombie" tools of the operator, but nonetheless separate legal entities in the eyes of the law that were forced (by the operator) to pay out funds to early investors instead of using the corporation's funds for legitimate investments. *Id.* at 754. Once the scheme collapsed, "[t]he appointment of the

*See, e.g.*, TAC. ¶¶ 71-72.  These so called pre-receivership "zombies" managed by Lauer made the transfers that are directly or indirectly traceable from investors in the Receivership Entities.  *See, e.g.*, TAC. ¶ 72-74.  The Receiver further alleges that he is a creditor of the Offshore Transferees, the Omnifund Transferees, the Viator Transferees and the Orbiter Transferees.  CFS-Curacao and CAC are expressly identified as transferees on Exhibit A to the TAC.  The Receiver also identifies the Administration Fees on Exhibit A to the Complaint.  The Receiver alleges that, as receiver of the newly "cleansed" Receivership Entities, he is a "creditor" of the "Citco Entities" inasmuch as they received $3,403,522.20 wrongfully dissipated by the Receivership Entities, when they were "evil zombies" managed by Lauer.

Under the instant standard of review, the Receiver has made sufficient factual allegations regarding his standing as a creditor under FUFTA.  Whether he truly

---

receiver removed the wrongdoer from the scene."  Freed from the wrongdoer's spell, these former "zombie" entities became entitled to the return of the moneys - not for the benefit of the operator, but for the benefit of innocent investors-that the operator had made the corporations divert to unauthorized purposes.  *Id*.  Other courts have agreed with the Seventh Circuit's "colorful analysis" and found a Receiver has standing to bring fraudulent transfer claims because, although the losing investors will ultimately benefit from the asset recovery, the Receiver is in fact suing to redress injuries that the entities suffered when its managers caused the entities to commit waste and fraud.  *See, e.g., Donell v. Kowell*, 533 F.3d 762, 767 (9th Cir. 2008); *Knauer v. Jonathon Roberts Financial Group, Inc.*, 348 F.3d 230, 235 (7th Cir. 2003) ("As long as an entity is legally distinct from the person who diverted funds from the entity, a receiver for the entity has standing to recover the removed funds").  At the pleading stage, the Court will permit the Receiver to pursue this legal theory.  A determination of whether this theory is legally viable and whether the Receiver can prevail on this theory should await the development of a complete factual record.

qualifies as a creditor is a question of fact which will be further explored, if necessary, at summary judgment or trial.

### III. FUFTA Claims

Movants assert that the TAC's FUFTA claims fail because the complaint (i) does not identify any fraudulent transfers made by CFS-Curacao or CAC; (ii) does not allege that any transfers were made with the intent to hinder, delay or defraud creditors or without receiving reasonably equivalent value; and (iii) does not allege a creditor whose claim arose before the transfers were made.

*(i)     Identifying Transfers*

The Receiver claims that the alleged fraudulent transfers were made by the Offshore Funds to CFS-Curacao and CAC. Exhibit "A" to the TAC lists the transfers the Receiver claims to be fraudulent. TAC ¶¶ 217-220, Ex. A. Because the Receiver does not identify a single transfer made by CFS-Curacao or by CAC, as purported debtors, Movants argue the Receiver has failed to state a claim under FUFTA. Fla. Stat. §§ 726.105(1) and 106(1).

The Receiver responds that because the TAC alleges that the Citco Entities received monies dissipated by the Receivership Entities, he stands as a creditor of those Citco Entities. This Court found, in pertinent part, in its Order and Opinion on Motions for Reconsideration, that based on the statutory definitions of the terms claim, debtor, asset, and transfer, the Receiver could bring a claim against an entity which had received (rather than transferred) assets which thwarted the creditor's

attachment.  DE 114.  Clearly, the transfers the Receiver seeks to recoup are "fees" paid by the Offshore Funds to Movants which the Receiver alleges were fraudulent made.  Accordingly, based on the unique facts of this case, and the Court's finding that the Receiver may proceed against either a transferor or transferee, this argument is rejected.

*(ii)    Allegations of Intent*

Movants argue Fla. Stat. §§ 726.105(1) and 106(1) require that it be alleged that they, as alleged debtors, made transfers with intent to hinder, delay or defraud a creditor, and that they made such transfers without receiving equivalent value in exchange.  Generally, the statute is applied as movants suggest.  Here, however, as discussed above, the Receiver has sufficiently alleged that the debtor-transferor was the Receivership Entity that made the fraudulent transfers to the Citco Entities when it was an "evil zombie" managed by Lauer.

Pursuant to FUFTA's broad interpretation of what constitutes a claim,[4] and considering the Receiver's unique position as receiver of the "cleansed" Receivership Entities, as the case presently stands, the Receiver has alleged that he has a right to payment from each of the Citco Entities by virtue of the allegations that movants

---

[4] Under FUFTA, a creditor is one who holds a "claim."  Fla. Stat. § 726.102(4). A "claim" is "broadly construed, and means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal equitable, secured, or unsecured." *See Goldberg v. Chong*, 2007 WL 2028792, *4 (S.D. Fla. July 11, 2007) (citing *Fla. Stat*. § 726.102(3)).

fraudulently received over $3 million from the Receivership Entities.  Moreover, the TAC alleges that the pertinent Receivership Entity, as transferor, made transfers with either actual intent to hinder, delay and defraud the creditors of the transferor Receivership Entity, or without receiving a reasonably equivalent value therefor, at a time when the transferor Receivership Entity was insolvent.  TAC ¶¶ 227-28, 232-38, 242-44.  With respect to the Administration Fees that are identified in Exhibit A as having been made to CAC, the Receiver alleges that CAC was either the initial transferee or the party for whose benefit those transfers were made.[5]  TAC ¶¶ 229, 239, 245.

(iii)   *Existence as a Creditor Whose Claim Arose Before the Transfers to Movants*

Florida Stat. § 726.106(1) provides, in pertinent part, that a transfer "is fraudulent as to a creditor whose claim arose **before the transfer was made** . . ." (emphasis added); *see also Smith v. Shoemaker,* 120 B.R. 588, 590 (M.D. Fla. 1990).  Movants argue that the Receiver's allegations do not establish the existence of a creditor whose claim arose before the transfers purportedly made to CFS-Curacao and CAC.

---

[5]  Florida Statute § 726.109 provides:  [T]o the extent a transfer is voidable in an action by a creditor under § 726.108(1)(a) . . . [t]he judgment may be entered against:  (a) The *first transferee* of the asset or *the person for whose benefit the transfer was made*; or (b) Any *subsequent transferee* other than a good faith transferee who took for value or from any subsequent transferee.

The Receiver asserts that his allegation that an investor received fake portfolios from Lancer Offshore during 2002 adequately alleges that a creditor relationship existed before the transfers were made. The Receiver also points to the proofs of claim filed on behalf of all the Receivership Entities asserting "[p]otential, contingent unliquidated claim[s] for services rendered, money or property loaned and/or transferred, or for money owed on other grounds currently unknown to claimant." *See* DE 175 at 13 of 17.

Movants reply that the Receiver cannot rely on proofs of claim because they were filed long after the fraudulent transfers were made and have not been ruled on by the Court. This argument is unpersuasive. The fact that the proofs of claim were not filed until after the transfers were made, and that the Court has not ruled on them, is not controlling. What is controlling is that the claims purport to have arisen before the receivership, dating back to at least 1999, when Lauer began to commit his massive fraud. Accordingly, the Receiver has met the pleading requirements regarding this issue.

## IV.     Unjust Enrichment

Movants argue that the Receiver's claim for unjust enrichment must be dismissed because an express agreement exists between the parties. As acknowledged by Movants, however, this Court has already considered and rejected this argument in this action. *See* Order and Opinion (DE 92). No valid argument or evidence is presented to persuade the Court to reconsider its prior finding in this

respect.

**Conclusion**

For the foregoing reasons, Citco Fund Services (Curacao) N.V. and Citco Acceptance Corporation's Motion to Dismiss the Receiver's Third Amended Complaint for Fraudulent Transfer [DE 163] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of March, 2011.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record